**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN STEVENSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 5:16-cv-01195** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **LUIS ANTONIO DEL VALLE,** | § | |
| **Defendants.** | § | **JURY REQUESTED** |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant State Farm Lloyds ("Defendant" or "State Farm Lloyds"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

### INTRODUCTION

1.     This is an insurance coverage and bad faith case.  On or about November 1, 2016, Plaintiff John Stevenson, (hereinafter sometimes referred to as "Plaintiff") filed Plaintiff's Original Petition in Cause No. 2016CI19067 in the 131st Judicial District Court of Bexar County, Texas, initiating a civil cause of action against State Farm Lloyds and Luis Antonio Del Valle ("Del Valle") (collectively, "Defendants").

2.     Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendants.

3.     Plaintiff allege multiple claims and causes of action against Defendants related to Defendants' handling of an insurance claim submitted by Plaintiff.  Plaintiff specifically alleges breach of contract, non-compliance with Chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing against State Farm Lloyds.  As to Del Valle,

Plaintiff assert claims for non-compliance with Chapter 541 of the Texas Insurance Code.

4.      State Farm Lloyds was served with Plaintiffs' Original Petition and Citation on or about November 7, 2016.  Del Valle was served with Plaintiffs' Original Petition and Citation on or about November 23, 2016.  All Defendants have filed and made an appearance.  State Farm Lloyds and Mr. Del Valle filed their Original Answer on November 23, 2016.

5.      State Farm Lloyds now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## GROUNDS FOR REMOVAL

6.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.      Complete Diversity Exists Between the Parties.

7.      According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was, and still is, domiciled in Texas and is a citizen of the State of Texas.  *See Plaintiff's Original Petition,* "Parties", included with the Index of State Court Papers attached as Exhibit A, hereto, incorporated herein, and made a part hereof for all pertinent purposes.  In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.  *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564 (5th Cir. 2011).  A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change.  *Id.*  "Evidence of a person's place of residence . . . is prima facie proof of his domicile." *Id.* (citations omitted).  Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."  *Id.*  Thus, for purposes of diversity of citizenship, Plaintiff is considered a Texas citizen.

8.     At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, State Farm was and is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas.  Accordingly, State Farm is not a citizen of the State of Texas for purposes of federal diversity jurisdiction.  *See, e.g.*, *Rodriguez v. State Farm Lloyds*, 2013 WL 3439851 at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas.  This means State Farm and Plaintiff are completely diverse."); *Cronin v. State Farm Lloyds*, 2008 WL 4649653 at *2 (S.D. Tex. October 10, 2008) (citizenship of State Farm Lloyds diverse from that of Texas plaintiffs); *Alonzo v. State Farm Lloyds*, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (same); *Caballero v. State Farm Lloyds,* 2003 WL 23109217, at *1 (S.D. Tex. October 31, 2003) (same); *Rappaport v. State Farm Lloyds*, 1998 WL 249211, at *2 (N.D. Tex. May 8, 1998) (same).

9.     According to Plaintiff's Original Petition, Defendant Del Valle is a citizen and resident of the State of Florida.  Plaintiff identified his address for service as 27249 Pullen Ave. B 21, Bonita Springs, FL 34135-5441.  *See Plaintiff's Original Petition,* "Parties", included with the Index of State Court Papers attached as Exhibit A, hereto, incorporated herein, and made a part hereof for all pertinent purposes.  For purposes of diversity jurisdiction, Del Valle is considered a Florida citizen.

**B.     The Amount in Controversy Exceeds $75,000**

10.     Additionally, the claims asserted by Plaintiff exceed $75,000.00.  Plaintiff's Original Petition specifically states that Plaintiff seeks "monetary relief over $100,000 but not more than $200,000 … ."  *See* Exhibit A.  In addition, Plaintiff requested that the case be governed by a state court level 2 discovery control plan rather than a level 1 discovery control plan for

expedited actions with amounts in controversy under $100,000.00 pursuant to Rules 169 and 190.2 of the Texas Rules of Civil Procedure.  *See* Exhibit A; TEX. R. CIV. PROC. 169; 190.2.

## VENUE

11.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 131st Judicial District Court of Bexar County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

## PROCEDURAL REQUIREMENTS

12.     Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A hereto is an *Index of State Court Papers* and copies of all process, pleadings, orders, and the docket sheet on file in the state court lawsuit.  Additionally, attached as Exhibit B is a *List of Parties and Counsel* relating to this action, and attached as Exhibit C hereto is an *Index of Matters Being Filed* in this action.  Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

13.     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

14.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendant State Farm Lloyds' Notice of Removal will be filed with the Clerk of the 131st Judicial District Court, Bexar County, Texas, promptly after Defendant files this Notice.

15.     This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiff's Original Petition upon the earliest served Defendant, and is thus timely filed under 28 U.S.C. §1446(b).  There exists an actual and justiciable controversy between Plaintiff and Defendant State Farm Lloyds with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully requests that the above-captioned action now pending in the 131st Judicial District Court of Bexar County, Texas be removed to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By:     */s/ Ray R. Ortiz*
        Ray R. Ortiz – Attorney in Charge
        State Bar No. 15324280
        ray@jao-law.com
        rrosupport@jao-law.com
10100 Reunion Place, Suite 600
San Antonio, TX 78216
Telephone: (210) 344-3900
Facsimile:  (210) 366-4301
**COUNSEL FOR DEFENDANTS,
STATE FARM LLOYDS AND
LUIS ANTONIO DEL VALLE**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on November 23, 2016.

Marc K. Whyte
WHYTE PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
mwhyte@whytepllc.com
jsaenz@whytepllc.com

Thomas "Tom" Bagby
TOM BAGBY LAW FIRM, PLLC
300 Austin Highway, Suite 100
San Antonio, Texas 78209
tbagby@tombagbylaw.com

*/s/ Ray R. Ortiz*
Ray R. Ortiz