**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN STEVENSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 5:16-cv-01195** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **LUIS ANTONIO DEL VALLE,** | § | |
| **Defendants.** | § | **JURY REQUESTED** |

---

**INDEX OF STATE COURT PAPERS IN CAUSE NO. 2016CI19067**

---

1. Bexar County Court Records Search for Case #2016CI19067 and Case History

2. Plaintiff's Original Petition with attached Interrogatories, Requests for Production, Requests for Admission and Requests for Disclosure

3. Civil Case Information Sheet

4. Citation for State Farm Lloyds and Officer's Return of Service—State Farm Lloyds

5. Certified Mail Return Receipt for Citation for State Farm Lloyds

6. Original Answer and Demand for Jury Trial by Defendant State Farm Lloyds

**EXHIBIT A**

 

GERARD C. RICKHOFF     DONNA KAY MCKINNEY

# COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2016CI19067

**Name**: JOHN STEVENSON

**Date Filed** : 11/01/2016

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 131

**Docket Type** : DEBT/CONTRACT

**Business Name** :

**Style** : JOHN STEVENSON

**Style (2)** : vs STATE FARM LLOYDS ET AL

# Case History

*Currently viewing 1 through 5 of 5 records*

| Sequence | Date Filed | Description |
|---|---|---|
| S00002 | 11/2/2016 | CITATION CERTIFIED MAIL<br>LUIS ANTONIO DEL VALLE<br>ISSUED: 11/2/2016 |
| S00001 | 11/2/2016 | CITATION CERTIFIED MAIL<br>STATE FARM LLOYDS<br>ISSUED: 11/2/2016 RECEIVED: 11/2/2016<br>EXECUTED: 11/7/2016 RETURNED: 11/9/2016 |
| P00003 | 11/1/2016 | SERVICE ASSIGNED TO CLERK 2 |
| P00002 | 11/1/2016 | JURY DEMAND JURY FEE PAID |
| P00001 | 11/1/2016 | PETITION<br>WITH JURY DEMAND |

FILED
11/1/2016 2:33:01 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

2 cits cml/sac2

CAUSE 2016CI19067

| | | |
|---|---|---|
| JOHN STEVENSON | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 131st JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | |
| and LUIS ANTONIO DEL VALLE | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**JOHN STEVENSON**, Plaintiff herein, files this Original Petition against Defendants, STATE FARM LLOYDS ("STATE FARM") and LUIS ANTONIO DEL VALLE ("DEL VALLE") and, in support of Plaintiff's causes of action, would respectfully show the Court the following:

### I. THE PARTIES

1.     Plaintiff is a Texas resident who resides and conducts business in BEXAR County, Texas. Said property is located at: 9003 Village Dr., San Antonio, Texas 78217.

2.     **STATE FARM LLOYDS** domestic corporation authorized to engage in the insurance business in the State of Texas, and may be served by serving its Registered Agent for Service of Process, **Corporation Service Company, 211 E 7th Street., Suite 620; Austin, Texas 78701-3218**. Service is requested by certified mail, return receipt requested at this time.

3.     Defendant, **LUIS ANTONIO DEL VALLE**, is a licensed insurance adjuster residing in the State of Texas, and may be served with process of service by certified mail, return receipt requested, at: C/O LUIS ANTONIO DEL VALLE, 27249          AVE B 21, BONITA

1

SPRINGS, FL. 34135-5441.

## II. DISCOVERY

4.     This case is intended to be governed by Discovery Level 2.

## III. CLAIM FOR RELIEF

5.     The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $100,000 but not more than $200,00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV. JURISDICTION AND VENUE

6.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.     Venue is proper in BEXAR County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V. FACTUAL BACKGROUND

8.      Plaintiff  is a named  insured  under  a residential property  insurance  policy issued  by STATE FARM LLOYDS.

9.      On or about APRIL 12, 2016, a storm hit the BEXAR County area, damaging Plaintiff's residential property.  Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10.      Defendants improperly denied and/or underpaid the claim.

11.      LUIS ANTONIO DEL VALLE  was  assigned  as  an  individual  adjuster  on the  claim,  conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.      LUIS ANTONIO DEL VALLE's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.      Moreover, STATE FARM LLOYDS AND LUIS ANTONIO DEL VALLE performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI. CAUSES OF ACTION

14.      Each of the foregoing paragraphs is incorporated by reference in the following:

## I.      Breach of Contract (STATE FARM LLOYDS Only)

15.      STATE FARM LLOYDS had a contract of insurance with Plaintiff.  STATE FARM LLOYDS breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

16.      Specifically, LUIS ANTONIO DEL VALLE ("DEL VALLE'"), Claim

3

Professional for STATE FARM LLOYDS, undervalued damage to Plaintiff's property.

17.     As a result of DEL VALLE'S material misrepresentation, STATE FARM LLOYDS wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, STATE FARM LLOYDS breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

## II.     Prompt Payment of Claims Statute (STATE FARM LLOYDS Only)

18.     The failure of STATE FARM LLOYDS to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

19.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

20.     Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms State Farm reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the Claim following State Farm's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

21.     Specifically, the damage to Plaintiff's residential property occurred as a result of a wind/hail storm that occurred on APRIL 12, 2016. Accordingly, it has been well over sixty (60) days since the date the damage occurred to the Plaintiff's residential property (in accordance with Article 542.058 of the Texas Insurance Code), which, in turn, causes the Plaintiff to be entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

4

III.   **Unfair Settlement Practices / Bad Faith (STATE FARM LLOYDS AND LUIS ANTONIO DEL VALLE)**

    A.   **Actionable Conduct of Defendant (STATE FARM LLOYDS)**

22.   Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

23.   Defendants violated § 541.051 of the Texas Insurance Code by:

    (1)   making statements misrepresenting the terms and/or benefits of the policy.

24.   Defendants violated § 541.060 by:

    (1)   misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2)   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3   failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)   failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5)   refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

25.   Defendants violated § 541.061 by:

    (1)   making an untrue statement of material fact;

    (2)   failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3   making a statement in a manner that would mislead a reasonably prudent

5

person to a false conclusion of a material fact;

      (4)     making a material misstatement of law; and

      (5)     failing to disclose a matter required by law to be disclosed.

26.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

**B.     Actionable Conduct of Defendant (LUIS ANTONIO DEL VALLE)**

27.     Defendant DEL VALLE, as a contractor and/or adjuster assigned by STATE FARM to assist with adjusting the Claim. With regard to the adjuster Defendant named herein, Plaintiff alleges said adjuster made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. Said Defendant adjuster also misrepresented the true cost of repairing all of the damages caused by the storm, such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm. Consequently, Defendant significantly underpaid the claim to the detriment of the insured. The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff. The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

28.     Further, the above named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual

inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted in underpayment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business. The above named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

29.     As a result of DEL VALLE' material misrepresentation, STATE FARM LLOYDS wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, STATE FARM LLOYDS breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

IV.     Breach of Duty of Good Faith and Fair Dealing Against STATE FARM LLOYDS

30.     Defendant, STATE FARM LLOYDS, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when STATE FARM knew or should have known liability was reasonably clear. Defendant, STATE FARM is therefore liable to Plaintiff.

V.     Attorneys' Fees

31.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

32.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

33.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

34.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII. DEMAND FOR JURY

35.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. DISCOVERY REQUESTS

36.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

37.     You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be

established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show it be justly entitled.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:    (210) 562-2888
Telecopier:   (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By:     /s/ Marc K. Whyte
        MARC K. WHYTE
        State Bar No. 24056526

        **ATTORNEY FOR PLAINTIFF**

Respectfully submitted,

**TOM BABGY LAW FIRM, PLLC**
300 Austin Highway, Suite 100
San Antonio, Texas 78209
Telephone:    (210) 225-2000
Telecopier:   (210) 342-5087
Email: tbagby@tombagbylaw.com

By:     /s/ Thomas "Tom" Bagby
        THOMAS "TOM" BAGBY
        State Bar No. 24059409

        **ATTORNEY FOR PLAINTIFF**

9

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff(s) in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Marc K. Whyte, WHYTE PLLC, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to WHYTE PLLC. You are also advised that you are under a duty to seasonally amend your responses if you obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

    b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

    A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

    B.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

    C.    If you claim that any document which is required to be identified or produced by you in any response is privileged:
        1. Identify the document's title and general subject matter;
        2. State its date;
        3. Identify all persons who participated in its preparation;

   4. Identify the persons for whom it was prepared or to whom it was sent;
   5. State the nature of the privilege claimed; and
   6. State in detail each and every fact upon which you base your claim for privilege.

D.   "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.   "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.   In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
   1. His or her name;
   2. His or her last known business and residence address and telephone number; and
   3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.   If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.   "Plaintiff" and "Plaintiff'" includes all Plaintiff, and refers to a single Plaintiff or multiple Plaintiff, if applicable.

I.   "Property" means the property at issue in the lawsuit.

   J.   "Lawsuit" means this lawsuit.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:     (210) 562-2888
Facsimile:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com


By: _____

MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**


Respectfully submitted,

**TOM BABGY LAW FIRM, PLLC**
300 Austin Highway, Suite 100
San Antonio, Texas  78209
Telephone:     (210) 225-2000
Telecopier:     (210) 342-5087
Email: tbagby@tombagbylaw.com


By: /s/ Thomas "Tom" Bagby_____

THOMAS "TOM" BAGBY
State Bar No. 24059409

**ATTORNEY FOR PLAINTIFF**

## INTERROGATORIES TO DEFENDANT

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    ANSWER:

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    ANSWER:

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    ANSWER:

4.  Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

    ANSWER:

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    ANSWER:

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

    ANSWER:

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    ANSWER:

8.  Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

    ANSWER:

9.  Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiff' claim, identify those modifications.

    ANSWER:

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

    ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

    ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

    ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

    ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

    ANSWER:

## REQUESTS FOR PRODUCTION TO DEFENDANT

1. The following insurance documents issued for the Property as identified in the Petition:
   a. the policy at issue for the APRIL 12, 2016 as identified in the Petition; and
   b. the policy declarations page for the 3 years preceding the storm and any endorsements.

   RESPONSE:

2. Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

   RESPONSE:

3. All documents relating to the condition or damages of the Property or any insurance claim on the Property.

   RESPONSE:

4. All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

   RESPONSE:

5. All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

   RESPONSE:

6. All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

   RESPONSE:

7. All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

   RESPONSE:

8.   Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

9.   A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

10.  If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

11.  All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

12.  All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

13.  All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the APRIL 12, 2016 claimed by Plaintiff(s).

RESPONSE:

14.  All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff' claim.

RESPONSE:

15.  The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiff and Defendant, and any of Defendant's agents.

RESPONSE:

## FIRST SET OF REQUESTS FOR ADMISSIONS
## TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1.**  Admit you committed statutory bad faith in adjusting
Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.**  Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.**  Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:     (210) 562-2888
Facsimile:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By:  _____

MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**


Respectfully submitted,

**TOM BABGY LAW FIRM, PLLC**
300 Austin Highway, Suite 100
San Antonio, Texas  78209
Telephone:     (210) 225-2000
Telecopier:    (210) 342-5087
Email: tbagby@tombagbylaw.com

By:  /s/ Thomas "Tom" Bagby
THOMAS "TOM" BAGBY
State Bar No. 24059409

**ATTORNEY FOR PLAINTIFF**

## PLAINTIFF' REQUESTS FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within

fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-

(k), as described below:

- (a) the correct names of the parties to the lawsuits;
- (b) the name, address, and telephone number of any potential parties;
- (c) the legal theories and, in general, the factual basis of Plaintiff' claims;
- (d) the amount and any method of calculating economic damages;
- (e) the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;
- (f) for any testifying expert:
    - (1) the expert's name, address and telephone number;
    - (2) the subject matter on which the expert will testify;
    - (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;
    - (4) if the expert is retained, employed by or otherwise subject to the control of Plaintiff:
        - (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;
        - (B) the expert's current resume and bibliography;
- (g) any indemnity or insuring agreements;
- (h) any settlement agreements, described in Rule 192.3(g);
- (i) any witness statements, described in Rule 192.3(h);
- (j) all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
- (k) all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses

within fifty (50) days after service of this request.

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce responsive documents to WHYTE PLLC, 1045 Cheever Blvd, Suite 103, San Antonio, Texas 78217.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:     (210) 562-2888
Facsimile:      (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By:   _____
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

Respectfully submitted,

**TOM BABGY LAW FIRM, PLLC**
300 Austin Highway, Suite 100
San Antonio, Texas  78209
Telephone:     (210) 225-2000
Telecopier:     (210) 342-5087
Email: tbagby@tombagbylaw.com

By:   /s/ Thomas "Tom" Bagby
THOMAS "TOM" BAGBY
State Bar No. 24059409

**ATTORNEY FOR PLAINTIFF**

21

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED: JOHN STEVENSON vs. STATE FARM LLOYDS
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Marc K. Whyte | Email:<br>mwhyte@whytepllc.com | Plaintiff(s)/Petitioner(s):<br><br>JOHN STEVENSON | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br>1045 Cheever Blvd., Suite 103 | Telephone:<br>210-562-2888 | Defendant(s)/Respondent(s):<br><br>STATE FARM LLOYDS | Additional Parties in Child Support Case: |
| City/State/Zip:<br>San Antonio, TX 78217 | Fax:<br>210-562-2873 | [Attach additional page as necessary to list all parties] | Custodial Parent: |
| Signature: *M. K. Whyte* | State Bar No:<br>24056526 | | Non-Custodial Parent:<br><br>Presumed Father: |

| 2. Indicate case type, or identify the most important issue in the case *(select only 1)*: | | | | |
|---|---|---|---|---|
| **Civil** | | | **Family Law** | |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions<br>(non-Title IV-D)** |
| *Debt/Contract*<br>☒Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>_____ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br> Liability: _____<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br> List Product: _____<br><br>☐Other Injury or Damage:<br>_____ | ☐Eminent Domain/<br> Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____<br><br>**Related to Criminal<br>Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br> Pre-indictment<br>☐Other: _____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br><br>**Other Family Law**<br>☐Enforce Foreign<br> Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br> of Minority<br>☐Other: _____ | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br> Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br> Rights<br>☐Other Parent-Child<br>_____ |
| **Employment** | | **Other Civil** | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br>_____ | ☐Administrative Appeal<br>☐Antitrust/Unfair<br> Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |

| Tax | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ |

| 3. Indicate procedure or remedy, if applicable *(may select more than 1)*: | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

CERTIFIED MAIL #70151660000043825015 **Case Number: 2016-CI-19067**

**JOHN STEVENSON**
*Plaintiff*
vs.
**STATE FARM LLOYDS ET AL**
*Defendant*
(Note: Attached document may contain additional litigants)

**CITATION**

2016CI19067  S00001

IN THE DISTRICT COURT
131st JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO: STATE FARM LLOYDS**

2:35 FILED O'CLOCK P M
NOV 0 9 2016
District Clerk, Bexar County, Texas
DONNA KAY MCKINNEY
BY
DEPUTY

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH STREET STE 620
AUSTIN TX 78701

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 1st day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 2ND DAY OF NOVEMBER A.D., 2016.

PETITION

**MARC K WHYTE**
ATTORNEY FOR PLAINTIFF
1045 CHEEVER BLVD 103
SAN ANTONIO, TX 78217-6339



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu*, Deputy

---

Officer's Return

Came to hand on the 2nd day of November 2016, A.D., at 9:22 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the ___ day of NOV____, A.D., 20__ by delivering to _CHRIS Salazar_____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu*, Deputy

RETURN TO COURT (DK003)

DOCUMENT SCANNED AS FILED



DOCUMENT SCANNED AS FILED

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STATE FARM LLOYDS
C/O CORPORATION SERVICE COMPANY
211 E 7TH STREET STE 620
AUSTIN, TX 78701

2016C119067  11/2/2016  CITCH  DEBRA CANTU

9590 9403 0962 5223 6249 18

2. Article Number (Transfer from service label)

7015 1660 0000 4362 5015

DOCUMENT SCANNED AS FILED

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
   Chris Eldin           ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 NOV 07 2016

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt



DOCUMENT SCANNED AS FILED

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING#

9590 9403 0962 5223 6249 18

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, TX 78205

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2016 NOV -9 P 2: 35

BY_____DEPUTY

CAUSE NO. 2016CI19067

| | | |
|---|---|---|
| JOHN STEVENSON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 131st JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS and | § | |
| LUIS ANTONIO DEL VALLE, | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## ORIGINAL ANSWER AND JURY DEMAND BY
## STATE FARM LLOYDS AND LUIS ANTONIO DEL VALLE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME State Farm Lloyds and Luis Antonio Del Valle (for convenience, herein sometimes called "State Farm," "Mr. Del Valle" and/or "Defendants") and file this Original Answer in response to the Plaintiff's Complaint (for convenience, such Original Petition and any amendment or supplement to it herein called "Complaint") of Plaintiff John Stevenson. Without waiving any applicable defenses, whether affirmative or otherwise, and reserving the right to assert and rely on any such applicable defenses as may become available or apparent during the course of this action and still insisting upon any and all policy conditions, exclusions, requirements, and other policy terms now or later arising, State Farm Lloyds and Luis Antonio Del Valle would respectfully show the Court as follows:

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**

**Plaintiff's Complaint – "I.  THE PARTIES"**

1.      With respect to paragraph 1 of Plaintiff's Complaint, Defendants admit that Plaintiff is a Texas resident.  Defendants are without sufficient information to admit or deny where Plaintiff conducts business.

2.      With respect to paragraph 2 of Plaintiff's Complaint, Defendants admit that State Farm Lloyds is an insurance company engaging in the business of insurance in the State of Texas.

State Farm Lloyds is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas.  The remaining allegations contained in paragraph 2 of Plaintiff's Complaint do not require an answer.

3.      With respect to paragraph 3 of Plaintiff's Complaint, Defendants deny that Mr. Del Valle "is residing" in the State of Texas and admit that Mr. Luis Antonio Del Valle is a resident of the State of Florida.  In addition, Mr. Del Valle is not a party to the policy of insurance under which Plaintiff purports to be claiming in this action and therefore cannot be liable for any supposed breach of contract or any supposed breach of any contended duty of good faith and fair dealing.  Also, under Texas law, when an adjuster's actions can be accomplished by the insurer through an agent, the adjuster's actions are indistinguishable from the insurer's actions and are therefore insufficient to support a claim against the adjuster under Chapter 541 of the Texas Insurance Code.  Further, Mr. Del Valle is not an "insurer authorized to engage in business as an insurance company" and therefore cannot be liable for any supposed violation of Chapter 542 of the Texas Insurance Code.

### Plaintiff's Complaint – "II.  DISCOVERY"

4.      No answer is necessary to paragraph 4 of Plaintiff's complaint, as it concerns the discovery level pursuant to the Texas Rules of Civil Procedure.

### Plaintiff's Complaint – "III.  CLAIM FOR RELIEF"

5.      To the extent an answer is required to paragraph 5 of Plaintiff's Complaint, Defendants admit that the amount in controversy in this action alleged by Plaintiff exceeds $75,000.00, exclusive of interest and costs.  Defendants deny the remaining allegations in paragraph 5 of Plaintiff's complaint.

2

**Plaintiff's Complaint – "IV.  JURISDICTION AND VENUE"**

6.      With regard to the allegations contained in paragraph 6 of Plaintiff's Complaint, Defendants contend that jurisdiction is properly with the United States District Court, Western District, San Antonio Division, because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and because there is complete diversity of the real parties in interest in this action.  Defendants deny any allegations by Plaintiff that tend to contradict that jurisdiction lies with the United States District Court, Western District, San Antonio Division, and specifically deny that Mr. Del Valle is a citizen of the State of Texas.

**7**.      With regard to the allegations contained in paragraph 7 of Plaintiff's Complaint, Defendants admit that venue is proper in the San Antonio Division of the United States District Court, Western District.  Defendants deny any allegations by Plaintiff that tend to contradict venue in the San Antonio Division of the United States District Court, Western District.

**Plaintiff's Complaint - "V.  FACTUAL BACKGROUND"**

8.      Regarding paragraph 8 of Plaintiff's Complaint, Defendants admit that State Farm Lloyds issued Homeowners Policy No. 83-ND0286-8, in effect as of the date of the alleged loss made the basis of Plaintiff's insurance claim at issue in this action, wherein Plaintiff John Stevenson and Betty Stevenson are listed as "Named Insured" and 9003 Village Dr., San Antonio, Texas 78217-3405 was listed as the "residence premises," and which provided insurance coverage in accordance with and subject to the terms, conditions, exclusions, and limitations shown in such policy. Defendants deny any remaining allegations contained in paragraph 8 of Plaintiff's Complaint and specifically deny any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action.

9.      With respect to paragraphs 9, 10, 11, 12, and 13 of Plaintiff's Complaint, Defendants admit that (a) an **insurance** claim was reported on or about April 13, 2016, by or for Plaintiff to State Farm Lloyds under a homeowners insurance contract for alleged damage to Plaintiff's dwelling purportedly caused by a hail storm on or about April 12, 2016; (b) Plaintiff initially decided not to pursue a claim and the claim was closed as Record Only on or about April 20, 2016; (c) on or about May 1, 2016, Plaintiff requested State Farm inspect his property for damage; (d) Luis Antonio Del Valle completed an inspection of Plaintiff's property on or about May 14, 2016; (e) Mr. Del Valle prepared an estimate or estimates of repairs to the covered storm damage that he observed in the course of the inspection of Plaintiff's property; and (f) the covered damages did not exceed Plaintiff's deductible.  Other than the foregoing, Defendants deny all of the remaining allegations in paragraphs 9, 10, 11, 12, and 13 of Plaintiff's Complaint and specifically deny any allegations in paragraphs 9, 10, 11, 12, and 13 that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action.

### Plaintiff's Complaint - "IV.  CAUSES OF ACTION"

10.      With respect to paragraph 14 of Plaintiff's Complaint, to the extent an answer is necessary, Defendant reiterates its responses to Paragraphs 1-13.

### "I.  Breach of Contract (**STATE FARM LLOYDS only**)"

11.      With respect to paragraph 15 of Plaintiff's Complaint, Defendants admit that State Farm Lloyds issued **Homeowners** Policy No. 83-ND0286-8, in effect as of the date of the alleged loss made the basis of Plaintiff's insurance claim at issue in this action, wherein Plaintiff John Stevenson and Betty Stevenson are listed as "Named Insured" and 9003 Village Dr., San Antonio, Texas 78217-3405 was listed as the "residence premises," and which provided insurance coverage

4

in accordance with and subject to the terms, conditions, exclusions, and limitations shown in such policy. Defendants deny any remaining allegations contained in paragraph 15 of Plaintiff's Complaint and specifically deny any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action.

12.     With respect to paragraph 16 of Plaintiff's Complaint, Defendants admit that (a) an insurance claim was reported on or about April 13, 2016, by or for Plaintiff to State Farm Lloyds under a homeowners insurance contract for alleged damage to Plaintiff's dwelling purportedly caused by a hail storm on or about April 12, 2016; (b) Plaintiff initially decided not to pursue a claim and the claim was closed as Record Only on or about April 20, 2016; (c) on or about May 1, 2016, Plaintiff requested State Farm inspect his property for damage; (d) Luis Antonio Del Valle completed an inspection of Plaintiff's property on or about May 14, 2016; (e) Mr. Del Valle prepared an estimate or estimates of repairs to the covered storm damage that he observed in the course of the inspection of Plaintiff's property; and (f) the covered damages did not exceed Plaintiff's deductible.  Other than the foregoing, Defendants deny all of the remaining allegations in paragraph 16 of Plaintiff's Complaint and specifically deny any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action.

13.     With respect to paragraph 17 of Plaintiff's Complaint, Defendants admit that (a) an insurance claim was reported on or about April 13, 2016, by or for Plaintiff to State Farm Lloyds under a homeowners insurance contract for alleged damage to Plaintiff's dwelling purportedly caused by a hail storm on or about April 12, 2016; (b) Plaintiff initially decided not to pursue a claim and the claim was closed as Record Only on or about April 20, 2016; (c) on or about May

1, 2016, Plaintiff requested State Farm inspect his property for damage; (d) Luis Antonio Del Valle completed an inspection of Plaintiff's property on or about May 14, 2016; (e) Mr. Del Valle prepared an estimate or estimates of repairs to the covered storm damage that he observed in the course of the inspection of Plaintiff's property; and (f) the covered damages did not exceed Plaintiff's deductible.  Other than the foregoing, Defendants deny all of the remaining allegations in paragraph 17 of Plaintiff's Complaint and specifically deny any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action.

### Plaintiff's Complaint - "Causes of Action" -
### "II.  Prompt Payment of Claims Statute (STATE FARM LLOYDS only)"

14.     **Defendants deny** the allegations contained in paragraph 18 of Plaintiff's Complaint. Defendant specifically deny that anything State Farm Lloyds has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of Article 542.051 *et seq*. of the Texas Insurance Code.

15.     **Defendants deny** the allegations contained in paragraph 19 of Plaintiff's Complaint. Defendant specifically deny that anything State Farm Lloyds has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of Article 542.051 *et seq*. of the Texas Insurance Code, including but not limited to Article 542.060 of the Texas Insurance Code.

16.     **Defendants deny** the allegations contained in paragraph 20 of Plaintiff's Complaint. Defendant specifically deny that anything State Farm Lloyds has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of Article 542.051 *et seq*. of the Texas Insurance Code, including but not limited to §542.055, §542.056, and/or § 542.058 of the Texas Insurance Code.

6

17.     Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint. Defendant specifically deny that anything State Farm Lloyds has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of Article 542.051 *et seq.* of the Texas Insurance Code, including but not limited to §542.058, and/or § 542.060 of the Texas Insurance Code.

**Plaintiff's Complaint - "Causes of Action"-**
**"III.  Unfair Settlement Practices/Bad Faith (STATE FARM LLOYDS AND LUIS ANTONIO DEL VALLE)"**
**"A.     Actionable Conduct of Defendant (STATE FARM LLOYDS)"**

18.     As to State Farm Lloyds, the allegations in paragraph 22 of Plaintiff's Complaint contain conclusions of law and do not require an answer. To the extent an answer is required, Defendants deny any violation of Chapter 541 of the Texas Insurance Code and under Texas law, when an adjuster's actions can be accomplished by the insurer through an agent, the adjuster's actions are indistinguishable from the insurer's actions and are therefore insufficient to support a claim against the adjuster under Chapter 541 of the Texas Insurance Code.  Defendants specifically deny that anything State Farm Lloyds or Mr. Del Valle has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of Chapter 541 of the Texas Insurance Code, as asserted by Plaintiff in his Complaint.

19.     Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint. Defendants specifically deny that anything State Farm Lloyds or Mr. Del Valle has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of Chapter 541 of the Texas Insurance Code, including but not limited to § 541.051, as asserted by Plaintiff in his Complaint.

20.     Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint. Defendants specifically deny that anything State Farm Lloyds or Mr. Del Valle has or has not done

7

with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of Chapter 541 of the Texas Insurance Code, including but not limited to § 541.060, as asserted by Plaintiff in his Complaint.

21.     Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint. Defendants specifically deny that anything State Farm Lloyds or Mr. Del Valle has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of Chapter 541 of the Texas Insurance Code, including but not limited to § 541.061, as asserted by Plaintiff in his Complaint.

22.     With respect to paragraph 26 of Plaintiff's Complaint, Defendants admit that State Farm Lloyds issued Homeowners Policy No. 83-ND0286-8, in effect as of the date of the alleged loss made the basis of Plaintiff's insurance claim at issue in this action, wherein Plaintiff John Stevenson and Betty Stevenson are listed as "Named Insured" and 9003 Village Dr., San Antonio, Texas 78217-3405 was listed as the "residence premises," and which provided insurance coverage in accordance with and subject to the terms, conditions, exclusions, and limitations shown in such policy. Defendants deny any remaining allegations contained in paragraph 26 of Plaintiff's Complaint and specifically deny any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action and specifically deny that Plaintiff purchased insurance products and services from Mr. Del Valle.

**"B.     Actionable Conduct of Defendant (LUIS ANTONIO DEL VALLE)"**

23.     With respect to Paragraph 27 of Plaintiff's Complaint, Defendants admit that (a) an insurance claim was reported on or about April 13, 2016, by or for Plaintiff to State Farm Lloyds under a homeowners insurance contract for alleged damage to Plaintiff's dwelling purportedly caused by a hail storm on or about April 12, 2016; (b) Plaintiff initially decided not to pursue a

claim and the claim was closed as Record Only on or about April 20, 2016; (c) on or about May 1, 2016, Plaintiff requested State Farm inspect his property for damage; (d) Luis Antonio Del Valle completed an inspection of Plaintiff's property on or about May 14, 2016; (e) Mr. Del Valle prepared an estimate or estimates of repairs to the covered storm damage that he observed in the course of the inspection of Plaintiff's property; and (f) the covered damages did not exceed Plaintiff's deductible.  To the extent an answer on this point is required, Defendants admit that the word "person" is defined in Section 541.002(2) of the Texas Insurance Code as set out in such section of the statute.  Other than the foregoing, Defendants deny all of the remaining allegations in paragraph 27 of Plaintiff's Complaint and specifically deny any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action.  **Defendants specifically deny that anything State Farm Lloyds or Mr. Del Valle has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of Chapter 541 of the Texas Insurance Code, as asserted by Plaintiff in his Complaint.**

24.     **With respect** to Paragraph 28 of Plaintiff's Complaint, Defendants admit that (a) an **insurance** claim was reported on or about April 13, 2016, by or for Plaintiff to State Farm Lloyds under a homeowners insurance contract for alleged damage to Plaintiff's dwelling purportedly caused by a hail storm on or about April 12, 2016; (b) Plaintiff initially decided not to pursue a claim and the claim was closed as Record Only on or about April 20, 2016; (c) on or about May 1, 2016, Plaintiff requested State Farm inspect his property for damage; (d) Luis Antonio Del Valle completed an inspection of Plaintiff's property on or about May 14, 2016; (e) Mr. Del Valle prepared an estimate or estimates of repairs to the covered storm damage that he observed in the course of the inspection of Plaintiff's property; and (f) the covered damages did not exceed

9

Plaintiff's deductible.  Other than the foregoing, Defendants deny all of the remaining allegations in paragraph 28 of Plaintiff's Complaint and specifically deny any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action.  **Defendants specifically deny that anything State Farm Lloyds or Mr. Del Valle has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of Chapter 541 of the Texas Insurance Code, as asserted by Plaintiff in his Complaint.**

25.     **With respect** to Paragraph 29 of Plaintiff's Complaint, Defendants admit that (a) an **insurance** claim was reported on or about April 13, 2016, by or for Plaintiff to State Farm Lloyds under a homeowners insurance contract for alleged damage to Plaintiff's dwelling purportedly caused by a hail storm on or about April 12, 2016; (b) Plaintiff initially decided not to pursue a claim and the claim was closed as Record Only on or about April 20, 2016; (c) on or about May 1, 2016, Plaintiff requested State Farm inspect his property for damage; (d) Luis Antonio Del Valle completed an inspection of Plaintiff's property on or about May 14, 2016; (e) Mr. Del Valle prepared an estimate or estimates of repairs to the covered storm damage that he observed in the course of the inspection of Plaintiff's property; and (f) the covered damages did not exceed Plaintiff's deductible.  Other than the foregoing, Defendants deny all of the remaining allegations in paragraph 29 of Plaintiff's Complaint and specifically deny any allegations that tend to contradict, contravene, alter, or enlarge the terms, conditions, exclusions, or limitations of the policy under which Plaintiff purports to be claiming in this action.  **Defendants specifically deny that anything State Farm Lloyds or Mr. Del Valle has or has not done with regard to Plaintiff's insurance claim at issue in this action constitutes an alleged violation of any provision of Chapter 541 of the Texas Insurance Code, as asserted by Plaintiff in his Complaint.**

## "IV.  BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
## AGAINST STATE FARM LLOYDS"

26.     Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint. Defendants specifically deny that State Farm "wrongfully denied" Plaintiff's claim and deny that any alleged liability of State Farm Lloyds under the subject insurance policy to pay the amount demanded by Plaintiff in excess of that estimated by State Farm Lloyds has ever been reasonably clear.  Defendants specifically deny that anything State Farm Lloyds has or has not done constitutes an alleged breach of the common law duty of good faith and fair dealing as asserted by Plaintiff in his Complaint.

### Plaintiff's Complaint - "V.  Attorneys' Fees"

27.     Defendants admit that Plaintiff appears to have retained the attorney whose name is subscribed to the Complaint to represent him in this action but deny the remaining allegations contained in paragraph 31.   Defendants specifically deny that Plaintiff is entitled to the recovery of any attorney fees from State Farm or Mr. Del Valle as alleged by Plaintiff in the Complaint.

28.     Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint and specifically deny that Plaintiff is entitled to the recovery of any attorney fees from State Farm or Mr. Del Valle as alleged by Plaintiff in the Complaint.

29.     Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint and specifically deny that Plaintiff is entitled to the recovery of any attorney fees from State Farm or Mr. Del Valle as alleged by Plaintiff in the Complaint.

### Plaintiff's Complaint - "VII.  Conditions Precedent"

30.     Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

**Plaintiff's Complaint - "VIII.  Demand for Jury"**

31.     No answer is necessary to the allegations in paragraph 35 of Plaintiff's Complaint as such paragraph concerns Plaintiff's request for a jury trial in this action. To the extent an answer is required, Defendants concur with the request for a jury trial herein.

**Plaintiff's Complaint - "IX.  Discovery Requests"**

32.     With respect to Paragraph 36 of Plaintiff's Complaint, this paragraph refers to discovery served pursuant to the Texas Rules of Civil Procedure and no answer is due.

33.     With respect to Paragraph 37 of Plaintiff's Complaint, this paragraph refers to discovery served pursuant to the Texas Rules of Civil Procedure and no answer is due.

**Plaintiff's Complaint - "X.  Prayer"**

34.     The allegations in the paragraph labeled "Prayer" in Plaintiff's Complaint contain conclusions of law and do not require an answer. To the extent an answer is required, Defendants deny that Plaintiff is entitled to any recovery or relief as alleged in the paragraph labeled "Prayer" in Plaintiff's Complaint.

**ADDITIONAL DEFENSES TO PLAINTIFF'S ALLEGATIONS**

**First Defense**

35.     Defendants deny each and every material allegation made in Plaintiff's Complaint not previously controverted or admitted herein and demand that Plaintiff prove, by credible evidence meeting the requisite standard of proof, each and every such material allegation made in Plaintiff's Complaint.

**Second Defense**

36.     Plaintiff's Complaint, in whole or in part, fails to state a ground or claim upon which relief can be granted.

12

### Third Defense

37.     Plaintiff's claims are barred, in whole or in part, by the terms, conditions, exclusions, or limitations of the policy of insurance under which Plaintiff purports to be claiming in this action. Among its other terms, conditions, exclusions, or limitations, such policy specifies:

DECLARATIONS CONTINUED

We [State Farm Lloyds] agree to provide the insurance described in this policy:

1.     based on your [Plaintiff's] payment of premium for the coverages you chose;

2.     based on your compliance with all applicable provisions of this policy; and

3.     in reliance on your statements in these Declarations.

You [Plaintiffs] agree, by acceptance of this policy, that:

1.     you will pay the premiums when due and comply with the provisions of this policy;

2.     the statements in these Declarations are your statements and are true;

3.     we insure you on the basis your statements are true; and

4.     this policy contains all of the agreements between you and us and any of our agents.

DEFINITIONS

*******

12.     "residence premises" means:

a.   the one, two, three, or four-family dwelling, other structures and grounds; or

b.    that part of any other building;

where you reside and which is shown in the Declarations.

*******

13

SECTION I - COVERAGES

COVERAGE A - DWELLING

1.    Dwelling. We cover the dwelling used principally as a private residence on the residence premises shown in the Declarations.

*******

3.    Property Not Covered. We do not cover:

    a.    land, including the land necessary to support any Coverage A property;

    b.    any costs required to replace, rebuild, stabilize, or otherwise restore the land; or

    c.    the costs of repair techniques designed to compensate for or prevent land instability to any property, whether or not insured under Coverage A.

*******

COVERAGE B - PERSONAL PROPERTY

1.    Property Covered. We cover personal property owned or used by an insured while it is anywhere in the world. This includes structures not permanently attached to or otherwise forming a part of the realty.…

*******

COVERAGE C - LOSS OF USE

1.    Additional Living Expense. When a Loss Insured causes the residence premises to be uninhabitable, we will cover the necessary increase in cost you incur to maintain your standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of: (a) the time required to repair or replace the premises; (b) the time required for your household to settle elsewhere; or (c) 24 months. This coverage is not reduced by expiration of this policy.

*******

SECTION I - LOSSES INSURED

COVERAGE A - DWELLING

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in SECTION I - LOSSES NOT INSURED.

COVERAGE B - PERSONAL PROPERTY

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in SECTION I - LOSSES NOT INSURED:

*******

2.   Windstorm or hail. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

   This peril includes loss to watercraft of all types and their trailers, furnishings, equipment, and outboard motors, only while inside a fully enclosed building.

*******

12.   Sudden and accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance.

   This peril does not include loss:

   a.   to the system or appliance from which the water or steam escaped;

   b.   caused by or resulting from freezing;

   c.   caused by or resulting from water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

   d.   caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust, mold, or wet or dry rot.

*******

SECTION I- LOSSES NOT INSURED

1.   We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

15

*******

g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

i.  wet or dry rot;

*******

l.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

***

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

2.  We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

*******

b.  Earth Movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, mudslide, sinkhole, subsidence, erosion or movement resulting from improper compaction, site selection or any external forces. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in SECTION I - ADDITIONAL COVERAGES, Volcanic Action.

However, we do insure for any direct physical loss by fire resulting from earth movement, provided the resulting fire loss is itself a Loss Insured.

c.  Water, meaning:

(1)  flood, surface water, waves, (including tidal wave, tsunami, and seiche), overflow of any body of water, or spray or surge from any of these, all whether driven by wind or not;

(2)  water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters

into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

(3)   water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or

(4)   material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

However, we do insure for any direct loss by fire, explosion or theft resulting from water, provided the resulting loss is itself a Loss Insured.[1]

d.   Neglect, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

*******

3.   We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time or after the loss or any other cause of the loss:

a.   conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

b.   defect, weakness, inadequacy, fault or unsoundness in:

(1)   planning, zoning, development, surveying, siting;

(2)   design, specifications, workmanship, construction, grading, compaction;

(3)   materials used in construction or repair; or

(4)   maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

---

[1]      FE-3533 Homeowners Policy Endorsement to the policy of insurance under which Plaintiff purports to be claiming in this action.

c.    weather conditions.

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

*******

### SECTION I – CONDITIONS

1.    Insurable Interest and Limit of Liability. Even if more than one person has an insurable interest in the property covered, we shall not be liable:

  a.    to the insured for an amount greater than the insured's interest; or

  b.    for more than the applicable limit of liability.

*******

2.    Your Duties After Loss. After a loss to which this insurance may apply, you shall see that the following duties are performed:

  a.    give immediate notice to us or our agent. . .;

  b.    protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

  c.    prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

  d.    as often as we reasonably require:

      (1)   exhibit the damaged property;

      (2)   provide us with records and documents we request and permit us to make copies;

      (3)   submit to and subscribe, while not in the presence of any other insured:

          (a)   statements; and

          (b)   examinations under oath; and

      (4)   produce employees, members of the insured's household or others for examination under oath to the extent it is within the insured's power to do so; and

18

e.  submit to us within 91 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

(1)  the time and cause of loss;

(2)  interest of the insured and all others in the property involved and all encumbrances on the property;

(3)  other insurance which may cover the loss;

(4)  changes in title or occupancy of the property during the term of this policy;

(5)  specifications of any damaged building and detailed estimates for repair of the damage;

(6)  an inventory of damaged or stolen personal property described in 2.c.;

(7)  receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8)  evidence or affidavit supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

f.  if the loss is caused by windstorm or hail in the catastrophe area as defined under Texas law, you must file a claim with us not later than one year after the date of the loss that is the subject of the claim unless you show good cause for not filing the claim within this time period.[2]

*******

6.  Suit Against Us. No action shall be brought unless:

a.   there has been compliance with the policy provisions; and

b.  except as provided in item c. below, suit or action brought against us is started within two years and one day after the cause of action accrues;

c.  with respect to a loss caused by windstorm or hail in the catastrophe area as defined under Texas law, suit or action brought against us is started within the earlier of:

(1)  two years from the date we accept or reject the claim; or

---

[2]     FE-3533 Homeowners Policy Endorsement to the policy of insurance under which Plaintiff purports to be claiming in this action.

19

(2)   three years from the date of the loss that is the subject of the claim.[3]

*******

10.   Mortgage Clause (without contribution)

a.   The word "mortgagee" includes trustee.

b.   We will pay for any covered loss of or damage to buildings or structures to the mortgagee shown in the Declarations as interests appear.

*******

SECTION I AND SECTION II- CONDITIONS

1.   Policy Period. This policy applies only to loss under Section I or bodily injury or property damage under Section II which occurs during the period this policy is in effect.

2.   Concealment or Fraud. This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

*******

4.   Waiver or Change of Policy Provisions. A waiver or change of any provision of this policy must be in writing by us to be valid.

*******

SECTION I – LOSS SETTLEMENT

COVERAGE A – DWELLING

Items 1. and 2. Are replaced by the following:

A1 - Replacement Cost Loss Settlement - Similar Construction.

a.   We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I - COVERAGES, COVERAGE A - DWELLING, except for wood fences, subject to the following:

---

[3]     FE-3533 Homeowners Policy Endorsement to the policy of insurance under which Plaintiff purports to be claiming in this action.

20

(1)   until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the properly;

(2)   when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

(3)   to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(4)   we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under Option OL – Building Ordinance or Law Coverage.

b.   Wood Fences:  We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for COVERAGE A – DWELLING EXTENSION.

A2 - Replacement Cost Loss Settlement - Common Construction.

a.   We will pay the cost to repair or replace with common construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION - COVERAGES, COVERAGE A - DWELLING, except for wood fences, subject to the following:

(1)   we will pay only for repair or replacement of the damaged part of the property with common construction techniques and materials commonly used by the building trades in standard new construction. We will not pay the cost to repair or replace obsolete, antique or custom construction with like kind and quality;

(2)   until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property as described in a.(1) above;

(3)   when the repair or replacement is actually completed as described in a.(1) above, we will pay the covered additional amount you

21

actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

(4)   to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(5)   we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under Option OL – Building Ordinance or Law Coverage.

*******

OPTIONAL POLICY PROVISIONS

*******

Option ID - Increased Dwelling Limit is replaced by the following:

Option ID - Increased Dwelling Limit. We will settle losses to damaged building structures covered under COVERAGE A - DWELLING according to the SECTION I - LOSS SETTLEMENT provision shown in the Declarations.

If the amount you actually and necessarily spend to repair or replace damaged building structures exceeds the applicable limit of liability shown in the Declarations, we will pay the additional amounts not to exceed:

1.   the Option ID limit of liability shown in the Declarations to repair or replace the  Dwelling; or

2.   10% of the Option I D limit of liability to repair or replace building structures covered under COVERAGE A - DWELLING, Dwelling Extension.

Report Increased Values. You must notify us within 90 days of the start of any new building structure costing $5,000 or more; or any additions to or remodeling of building structures which increase their values by $5,000 or more. You must pay any additional premium due for the increased value. We will not pay more than the applicable limit of liability shown in the Declarations, if you fail to notify us of the increased value within 90 days.

Option OL - Building Ordinance or Law. (Applicable to HOMEOWNERS POLICY)

22

Item 3.c. is replaced by the following:

    c.   legally required changes to the undamaged portions of any specific dwelling features, dwelling systems or dwelling components caused by the enforcement of a building, zoning or land use ordinance or law, if:

        (1)   the enforcement is directly caused by the same Loss Insured; and

        (2)   the requirement is in effect at the time the Loss Insured occurs.

    We will not pay for legally required changes to specific dwelling features, dwelling systems or dwelling components that have not been physically damaged by the Loss Insured.

Item 4 is replaced by the following:

    4.   Building Ordinance or Law Coverage Limitations.

        a.   We will not pay for any increased cost of construction under this coverage:

           (1)  until the dwelling is actually repaired or replaced at the same or another premises in the same general vicinity; and

           (2)  unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years.

        b.   We will not pay more for loss to the undamaged portion of the dwelling caused by the enforcement of any ordinance or law than:

           (1)  the depreciated value of the undamaged portion of the dwelling, if the dwelling is not repaired or replaced;

           (2)  the amount you actually spend to replace the undamaged portion of the dwelling if the dwelling is repaired or replaced.

        c.   We will not pay more under this coverage than the amount you actually spend:

           (1)  for the increased cost to repair or rebuild the dwelling at the same or another premises in the same general vicinity if relocation is required by ordinance or law; and

           (2)  to demolish and clear the site of the undamaged portions of the dwelling caused by enforcement of building, zoning or land use ordinance or law.

We will never pay for more than a dwelling of the same height, floor area[,] and style on the same or similar premises as the dwelling, subject to the limit provided in paragraph I. Coverage Provided of this option.

If the dwelling is located in an area which is eligible for coverage through the Texas Windstorm Insurance Association, the coverage described above, also applies to the increased cost you incur due to repair, replacement or demolition required for the dwelling to comply with the building specifications contained in the Texas Windstorm Insurance Association's plan of operation.

*******

All other policy provisions apply.

**Fourth Defense**

38.   Plaintiff's claims are barred, in whole or in part, because Mr. Del Valle does not have any contractual, statutory, or common law duty to pay damages pursuant to the policy of insurance under which Plaintiff purports to be claiming in this action. Mr. Del Valle is not a party to such policy; is not an insurance carrier; and Plaintiff is not a consumer with respect to Mr. Del Valle and did not purchase or lease any goods or services from him. In addition, under Texas law, there is no cause of action for any supposedly negligent claims handling; any statements purportedly made in connection with post-loss investigation or handling of an insurance claim are not actionable misrepresentations; matters of opinion are not actionable misrepresentations; Plaintiff did not detrimentally rely upon any supposed acts, practices, or omissions of State Farm or Mr. Del Valle as alleged by Plaintiff in his Complaint; no supposed act or omission that Plaintiff alleges in his Complaint to be attributable to State Farm or Mr. Del Valle was the proximate or producing cause of Plaintiff's contended damages.

## Fifth Defense

39.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's insurance claim was reasonably investigated and adjusted.  Further, any alleged liability for the insurance claim in question did not become and is not reasonably clear.

## Sixth Defense

40.     Plaintiff's claims are barred, in whole or in part, because there exist bona fide and legitimate issues with regard to the construction or applicability of certain insurance policy provisions and exclusions, compliance by Plaintiff with obligations under the policy under which Plaintiff purports to be claiming in this action, the nature and extent of the damages and losses alleged by Plaintiff, and the reasonableness of the sums claimed by Plaintiff.

## Seventh Defense

41.     Texas law prohibits Plaintiff from obtaining more than one recovery for the same alleged damage and injury. See, e.g., *Myriad Development. Inc. v. Alltech, Inc.,* 817 F.Supp.2d 946, 982-983 (W.D. Tex. 2011); *Tony Gullo Motors I, LP v. Chapa,* 212 S.W.3d 299, 303 (Tex. 2006); *Waite Hill Services. Inc. v. World Class Metal Works, Inc.,* 959 S.W.2d 182, 184 (Tex. 1998).

## Eighth Defense

42.     Plaintiff's causes of action are barred and Plaintiff is not entitled to any relief on the alleged causes of action to the extent that Plaintiff failed to mitigate Plaintiff's contended damages.

## Ninth Defense

43.     Plaintiff's causes of action are barred and Plaintiff is not entitled to any relief on such causes of action to the extent that the doctrine of concurrent causes applies to Plaintiff's claim or claims.

## Tenth Defense

44.     Plaintiff has the duty to establish the applicability of any exception to a policy exclusion by the greater weight and degree of credible evidence.

## Eleventh Defense

45.     To any extent Plaintiff alleges any breach of the duty of good faith and fair dealing, Plaintiff is precluded from any such recovery in the absence of any breach of the policy of insurance under which Plaintiff purports to be claiming in this action. See *Liberty Mutual Insurance Co. v. Akin.* 927 S.W.2d 627, 629 (Tex. 1996). Further, Mr. Del Valle is not a party to the policy in question and therefore could not "breach" any such supposed duty of good faith and fair dealing. See *Natividad v. Alexsis,* 875 S. W.2d 695, 698 (Tex. 1994); accord *HVAW v. American Motorists Insurance Co.,* 968 F.Supp. 1178, 1184 (N.D. Tex. 1997) (no contractual duty and no duty of good faith and fair dealing between claims manager and plaintiffs), aff'd, 149 F.3d 1175 (5th Cir. 1998).

## Twelfth Defense

46.     Further, a legitimate and bona fide dispute exists regarding whether there is any coverage available, or the extent to which there might be any coverage available, for Plaintiff's insurance claim under the policy in question.  A mere bona fide coverage dispute does not constitute a breach of any duty of good faith and fair dealing to any extent alleged by Plaintiff in this action. See *United States Fire Insurance Co. v. Williams,* 955 S.W.2d 267, 268 (Tex. 1997); see also *Transportation Insurance Co. v. Moriel,* 879 S.W.2d 10, 17 (Tex. 1994).

## Thirteenth Defense

47. To any extent Plaintiff claims recovery from Defendants for any supposed "negligence," "negligent claims handling," "gross negligence," or any variants thereof, Plaintiff is precluded from any such recovery because there is no cause of action in Texas for any supposedly

negligent claims handling. See *Higginbotham v. State Farm Mutual Automobile Insurance Co.,* 103 F.3d 456, 460 (5th Cir. 1997); see also *United Services Automobile Association v. Pennington,* 810 S.W.2d 777, 783-784 (Tex. App. - San Antonio 1991, writ denied).

**Fourteenth Defense**

48.   To any extent Plaintiff alleges any supposed claims under the Texas Insurance Code in the Complaint, Plaintiff is precluded from any recovery or relief thereunder because, among other things, (a) Plaintiff failed to satisfy one or more conditions precedent to any recovery under the statute; (b) State Farm Lloyds did not breach the insurance policy under which Plaintiff purports to be claiming in this action; (c) Plaintiff has not sustained any damages independent of Plaintiff's alleged breach-of-contract theory; (d) Plaintiff did not detrimentally rely upon any supposed acts, practices, or omissions of State Farm or Mr. Del Valle; (e) Plaintiff's insurance claim was reasonably investigated and adjusted; (f) any alleged liability for Plaintiff's insurance claim did not become and is not reasonably clear; and (g) there is a bona fide coverage dispute concerning Plaintiff's insurance claim and the policy of insurance under which Plaintiff purports to be claiming in this action.

**Fifteenth Defense**

49.   **Plaintiff is** not entitled to recover any attorney fees as alleged in the Complaint in this action. "Until a duty to pay under an insurance policy has been established, there is no just amount owed." See *Beacon National Insurance Co. v. Glaze,* 114 S.W.3d 1, 6 (Tex. App. – Tyler 2003, pet. denied); see also *Sikes v. Zuloaga,* 830 S. W.2d 752, 754 (Tex. App. - Austin 1992, no writ).

**Sixteenth Defense**

50.   To any extent Plaintiff seeks any recovery of exemplary or punitive damages in this action, Plaintiff is unable to establish, by credible evidence meeting the requisite standard of proof, that Defendants were actually aware of any harm which Plaintiff alleges to have sustained as a

result of the handling of Plaintiff's insurance claim; therefore, under the holding of *Transportation Insurance Co. v. Moriel,* 879 S.W.2d 10, 24 (Tex. 1994), Plaintiff is not entitled to any alleged exemplary or punitive damages because Plaintiff is unable to prove that Defendants were actually aware of an extreme risk resulting from the handling of Plaintiff's claim.

### Seventeenth Defense

51.  **Plaintiff is** unable to establish, by clear and convincing evidence, that State Farm or Mr. Del Valle acted with malice; therefore, under section 41.001(7) of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to any supposed exemplary or punitive damages that Plaintiff alleges in this action. See, e.g., *Smith v. O'Donnell,* 288 S.W.3d 417, 423-424 (Tex. 2009); see also *Dillard Department Stores, Inc. v. Silva,* 148 S.W.3d 370, 373-374 (Tex. 2004); *Universal Services Co. v. Ung,* 904 S.W.2d 638, 640-641 (Tex. 1995).

### Eighteenth Defense

52.  **Additionally,** to the extent the Complaint filed by Plaintiff in this action seeks any recovery of alleged punitive or exemplary damages, section 41.008 of the Texas Civil Practice and Remedies Code applies and any attempted recovery of alleged punitive or exemplary damages is subject to the statutory limits set forth therein, other applicable statutory authority, and common law.

### Nineteenth Defense

53.  Further, to any extent Plaintiff seeks any recovery of exemplary or punitive damages in this action, the same violates Article I, § 13 of the Texas Constitution and the Eighth Amendment of the United States Constitution and violates the rights of Defendant to substantive and procedural due process as provided in Article I, § 19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. See *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 433-434 (2001); see also *BMW Corp. of N. America,*

*Inc. v. Gore,* 517 U.S. 559, 562 (1996). Moreover, as a matter of state and federal constitutional law and sound public policy, any findings supporting an award of exemplary damages must be based on clear and convincing evidence, not a mere preponderance of the evidence. *Cf* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (2014) (clear and convincing evidentiary standard).

### Twentieth Defense

54.    To the **extent** any other persons or entities (including any other defendants, third-party defendants, responsible third parties, or settling tortfeasors sued or who could have been sued in this action) caused or were proportionately responsible for any of the damages alleged in this action, then State Farm is entitled to credit or contribution from such other persons or entities in the unlikely event of any recovery by Plaintiff of any alleged damages in this action. Defendants therefore respectfully ask that the trier of fact determine each such person's or entity's percentage of responsibility for causing or contributing to cause in any way any of the damages as alleged in this action. By doing so, Defendants do not in any way admit any liability but continues to deny the allegations as now or as may be later made against Defendants in this action.

### Twenty-First Defense

55.    Under **Texas** law, Plaintiff cannot recover consequential damages for breach or repudiation of an insurance policy. See *Standard Fire Insurance Co. v. Fraiman,* 588 S.W.2d 681, 683 (Tex. Civ. App. - Houston [14th Dist.] 1979, writ refd n.r.e.); *Gross v. Connecticut General Life Insurance Co.,* 390 S.W.2d 388, 390 (Tex. Civ. App. - El Paso 1965, no writ); see also *Universe Life Insurance Co. v. Giles,* 950 S.W.2d 48, 60 (Tex. 1997) (Hecht, J., concurring in judgment) (insured's remedy for breach of contract "does not ordinarily include consequential damages") .

### Twenty-Second Defense

56.     In addition, any amount or recovery of actual damages supposedly sustained by Plaintiff on account of any alleged breach of contract is limited to the subject insurance policy's applicable limit or sublimit of coverage, less the pertinent deductible (if any and if not already applied), and with credit being given for any sums paid or that might be paid to Plaintiff as a result of the insurance claim or claims as reported to State Farm Lloyds.

### Twenty-Third Defense

57.     Plaintiff's causes of action are barred, in whole or in part, and Plaintiff is not entitled to any relief on such causes of action, to the extent Plaintiff failed or neglected to protect the property from further loss or failed or neglected to make reasonable and necessary repairs.

### Twenty-Fourth Defense

58.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy one or more conditions precedent to recovery under the policy of insurance under which Plaintiff purports to be claiming in this action. Among others, Plaintiff failed to satisfy the condition precedent of demonstrating that there is any additional covered damage to Plaintiff's property for which Plaintiff has not already been compensated.

### Twenty-Fifth Defense

59.     Plaintiff's claims are barred, in whole or in part, to the extent that the loss or losses alleged by Plaintiff were not fortuitous.

### Twenty-Sixth Defense

60.     Plaintiff is further unable to recover any attorney fees from State Farm Lloyds under Chapter 38 of the Texas Civil Practice and Remedies Code because Plaintiff failed to present the claim as required by Section 38.002.  See TEX. CIV. PRAC. & REM. CODE ANN. § 38.002(2); *Jones v. Kelley,* 614 S.W.2d 95, 100 (Tex. 1981)("A necessary requisite for the recovery of attorney's

fees is the presentment of the contract claim to the opposing party and the failure of that party to tender performance."); *Genender v. USA Store Fixtures, LLC*, 451 S.W.3d 916, 924 (Tex. App.— Houston [14th Dist.] 2014, no pet.) ("merely filing suit for a breach of contract, by itself, does not constitute presentment.").

### Twenty-Seventh Defense

61.     Plaintiff's causes of action are barred, in whole or in part, and Plaintiff is not entitled to any relief on Plaintiff's causes of action because some or all of Plaintiff's claims have been fully adjusted and, if applicable, payment made.

### Twenty-Eighth Defense

62.     Plaintiff's claims are barred, in whole or in part, to the extent that granting the relief alleged by Plaintiff would result in unjust enrichment.

### Twenty-Ninth Defense

63.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's alleged damages or losses were caused or aggravated by the actions or inactions of Plaintiff, persons acting on Plaintiff's behalf, or third parties for whom Defendant is not legally responsible.

### Thirtieth Defense

64.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff brought this action without complying with the provisions of the policy under which Plaintiff purports to be claiming in this action, including the "Your Duties After Loss" and "Suit Against Us" sections of such policy.

### Thirty-First Defense

65.     Plaintiff is not entitled to recover any alleged damages for emotional distress or mental anguish for the mere denial of an insurance claim. See *Transportation Insurance Co. v. Moriel*, 819 S.W.2d 10, 17 (Tex. 1994); *accord Avila v. State Farm Fire & Casualty Co.*, 147

F.Supp.2d 570, 579-580 (W.D. Tex. 1999) (citing *Latham v. Castillo,* 972 S.W.2d 66, 70 [Tex. 1998]).

## Thirty-Second Defense

66.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff alleges or otherwise seek to invoke the doctrines of waiver or estoppel in this action. The doctrines of waiver and estoppel cannot be used to change, re-write or otherwise enlarge the risks covered by an insurance policy, and may not be used to establish coverage for risks expressly excluded from the insurance policy. See, e.g., *Minnesota Mutual Life Insurance Co. v. Morse,* 487 S.W.2d 317, 319 (Tex. 1972); *Washington National Insurance Co. v. Craddock,* 130 Tex. 251, 254-255, 109 S.W.2d 165, 166-167 (1937); *Great American Reserve Insurance Co.* v. *Mitchell,* 335 S.W.2d 707, 708 (Tex. Civ. App. - San Antonio 1960, writ ref'd n.r.e.).

## Thirty-Third Defense

67.     Defendants are entitled to an offset or credit for any and all sums paid or that might be paid to Plaintiff as a result of the insurance claim alleged by Plaintiff in the Complaint in this action.

## Thirty-Fourth Defense

68.     In the alternative, and to the extent, if any, that other persons or entities caused any of the damages supposedly sustained by Plaintiff, then State Farm Lloyds was and is subrogated to Plaintiff's claims against and entitled to reimbursement from all such other persons or entities by virtue of the payment or payments made or to be made by State Farm Lloyds incident to Plaintiff's insurance claim.

**Thirty-Fifth Defense**

69.     **Defendants** adopt by reference each defense not hereinabove alleged, if any, that may be alleged in any pleading filed in this action by any other defendant, third-party defendant, responsible third party, or other party or parties as may now or later be brought into this action.

**DEFENSES ASSERTED IN THE ALTERNATIVE
AND RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES**

70.     Each of the defenses of Defendants is asserted in the alternative.

71.     Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this pleading to assert such defenses.

**DEMAND FOR JURY**

72.     Defendants respectfully demand a trial by jury.

**CONCLUSION**

For and in consideration of the foregoing, Defendants State Farm Lloyds and Luis Antonio Del Valle respectfully pray that Plaintiff take nothing by reason of Plaintiff's Complaint and that Defendants have and recover from Plaintiff the costs incurred by them in connection with this action. In addition, Defendants respectfully request such other and further relief to which it may be justly entitled.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**


By:    _/s/ Ray R. Ortiz_____

            Ray R. Ortiz

            State Bar No. 15324280

            ray@jao-law.com

            rrosupport@jao-law.com

10100 Reunion Place, Suite 600

San Antonio, TX 78216

Tel. (210) 344-3900

Fax (210) 366-4301

**ATTORNEYS FOR DEFENDANTS**

**STATE FARM LLOYDS AND**

**LUIS ANTONIO DEL VALLE**

34

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2016, the foregoing document was served on counsel of record pursuant to the Federal Rules of Civil Procedure, as follows:

Marc K. Whyte                                    Thomas "Tom" Bagby
WHYTE PLLC                                       TOM BAGBY LAW FIRM, PLLC
1045 Cheever Blvd., Suite 103                    300 Austin Highway, Suite 100
San Antonio, Texas 78217                         San Antonio, Texas 78209
mwhyte@whytepllc.com                             tbagby@tombagbylaw.com
jsaenz@whytepllc.com


_____*Ray R. Ortiz*_____
Ray R. Ortiz

Print this page

## Case # 2016CI19067

**Case Information**

| | |
|---|---|
| Location | Bexar County - District Clerk |
| Date Filed | 11/23/2016 11:27:55 AM |
| Case Number | 2016CI19067 |
| Case Description | |
| Assigned to Judge | |
| Attorney | Ray Ortiz |
| Firm Name | Jones, Andrews & Ortiz, P.C. |
| Filed By | Ray Ortiz |
| Filer Type | Attorney/ Other |

**Fees**

| | |
|---|---|
| Convenience Fee | $1.21 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $40.00 |
| Total Court Service Fees | $2.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $43.21 |

**Payment**

| | |
|---|---|
| Account Name | DVJ- American Airlines AAdvantage citi Mastercard |
| Transaction Amount | $43.21 |
| Transaction Response | |
| Transaction ID | 22171370 |
| Order # | 013951571-0 |

---

**No Fee Documents**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | No Fee Documents |
| Filing Description | Defendants Original Answer and Jury Demand |
| Reference Number | 314.254 |
| Comments | |
| Status | Submitting |

**Fees**

| | |
|---|---|
| Court Fee | $40.00 |
| Service Fee | $0.00 |

| | |
|---|---|
| Optional Services | |
| >Jury Fee | $40.00 |

**Documents**

| | | |
|---|---|---|
| *Lead Document* | Defendants Original Answer and Jury Demand.pdf | [Original] |

**eService Details**

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Leslie Megin Koch megin@jao-law.com | | EServe | Not Sent | No | Not Opened |
| Ray Ortiz rrosupport@jao-law.com | Jones, Andrews & Ortiz, P.C. | EServe | Not Sent | No | Not Opened |
| Marc K. Whyte mwhyte@whytepllc.com | Whyte, PLLC | EServe | Not Sent | No | Not Opened |
| Thomas Babgy tbagby@tombagbylaw.com | Tom Babgy Law Firm, PLLC | EServe | Not Sent | No | Not Opened |